UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

RICHARD CHARLES NORTON,
        *Defendant-Appellant.*

No. 00-4879

Appeal from the United States District Court
for the Western District of Virginia, at Big Stone Gap.
James P. Jones, District Judge.
(CR-99-78)

Submitted: July 31, 2001

Decided: August 20, 2001

Before LUTTIG, WILLIAMS, and GREGORY, Circuit Judges.

---

Affirmed in part and vacated and remanded in part by unpublished per curiam opinion.

---

## COUNSEL

E. Duncan Getchell, Jr., Howard C. Vick, Jr., Thomas M. Beshere, III, MCGUIREWOODS, L.L.P., Richmond, Virginia, for Appellant. Ruth E. Plagenhoef, United States Attorney, Thomas J. Bondurant, Jr., Assistant United States Attorney, Thomas E. Booth, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Dr. Richard Charles Norton appeals his convictions for conducting and participating in racketeering and conspiracy to conduct a racketeer influenced and corrupt organization in violation of 18 U.S.C.A. §§ 1962(c), (d) (West 2000), mail fraud in violation of 18 U.S.C.A. §§ 1341, 1346, 2 (West 2000), illegal remunerations in violation of 42 U.S.C.A. § 1320a-7b(b)(1)(B) (West Supp. 2000), federal program bribery in violation of 18 U.S.C.A. §§ 666(a)(1)(B), 2 (West 2000), interstate transportation of fraudulently obtained funds in violation of 18 U.S.C.A. § 2314 (West 2000), and conspiracy to commit money laundering in violation of 18 U.S.C.A. § 1956(h) (West 2000 & Supp. 2001). We affirm his convictions, except as to the conviction on Count One for racketeering, which we vacate.

Norton, James Davis, Michael Redman, and Charles Fugate were indicted for their involvement in Medicare kickback schemes. Davis, Redman, and Fugate entered plea agreements. For Norton's involvement in a scheme wherein he paid kickbacks to Davis, a federal jury convicted Norton of racketeering, racketeering conspiracy, mail fraud, illegal remunerations in violation of the Medicare Anti-Kickback Act, federal program bribery, transportation of fraudulently obtained funds, and money laundering conspiracy. Norton filed a timely Motion for Entry of Judgment of Acquittal, or in the Alternative, for a New Trial. The district court denied Norton's post-trial motions and sentenced him to sixty months imprisonment, three years supervised release, a $25,000 fine, and $800,581.64 in restitution. Norton appealed his conviction and sentence.

First, we reject Norton's contention that the district court abused its discretion in admitting evidence of a separate kickback scheme involving Davis, the former administrator of Lee County Community Hospital (LCCH), and Redman, the owner of a physical therapy pro-

vider at LCCH, and in denying Norton's motion for new trial based upon the admission of the evidence.

Rule 402 of the Federal Rules of Evidence provides that all relevant evidence is admissible, except as otherwise provided. Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Rule 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403. Decisions regarding the admission or exclusion of evidence are committed to the sound discretion of the district court and will not be reversed absent an abuse of that discretion. *United States v. Lancaster*, 96 F.3d 734, 744 (4th Cir. 1996) (citing *United States v. Bostian*, 59 F.3d 474, 480 (4th Cir. 1995)). A racketeering charge under § 1962(c) requires proof that the defendant conducted or participated in the conduct of the affairs of an enterprise engaged in interstate commerce through a pattern of racketeering activity. *Salinas v. United States*, 522 U.S. 52, 62 (1997).

Davis admitted he was guilty of taking kickbacks from Norton, Redman, and LCCH. Redman's company provided physical therapy services for the hospital for which Redman's company paid Davis six percent, a small portion of which was for marketing services, but the bulk of which was a kickback. Davis also received from Norton one-third of the profits generated by Norton's industrial medicine program, totaling $884,506.64 from 1992 to 1998, of which a small portion represented accounting and consulting fees, but the majority of which was a kickback. Redman briefly testified about his involvement in a kickback scheme with Davis, but stated that his paying a kickback to Davis had absolutely nothing to do with Norton. Because we find the evidence of the Davis-Redman scheme relevant and not unduly prejudicial, we find the district court's admission of the evidence was not an abuse of discretion.

Next, we address the district court's instructions to the jury on the racketeering and Medicare kickback counts. Finding Norton sufficiently objected to the disputed jury instructions, this Court's review is for abuse of discretion. *United States v. Whittington*, 26 F.3d 456, 462 (4th Cir. 1994) (citing *United States v. Russell*, 971 F.2d 1098, 1107 (4th Cir. 1992)). The district court's refusal to give a requested instruction is reversible error only if the instruction was correct, was not substantially covered by the court's charge to the jury, and dealt with some point in trial so important that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense. *United States v. Patterson*, 150 F.3d 382, 388 (4th Cir. 1998) (citing *United States v. Lewis*, 53 F.3d 29, 32 (4th Cir. 1995)). An error in jury instructions will mandate reversal of a judgment only if the error was prejudicial, based on a review of the record as a whole. *Wellington v. Daniels*, 717 F.2d 932, 938 (4th Cir. 1983).

Norton requested a jury instruction as to Count 1, the racketeering charge, providing that the Government was required to show that Norton conducted or participated directly or indirectly in the conduct of the enterprise's affairs. The proposed instruction was in accord with the controlling Supreme Court precedent as set forth in *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993) (holding that, to be criminally responsible under 18 U.S.C.A. § 1962(c), a defendant must "participate in the operation or management of the enterprise itself"). The district court rejected this instruction, and instead instructed the jury that it could convict Norton if he merely performed acts that were necessary or helpful to the enterprise, even if he was merely a servant of the enterprise with no role in the management or share of the profits. We find that the district court's jury instruction was improper in light of *Reves*. Further, we find the erroneous jury instruction was unfairly prejudicial to Dr. Norton because the evidence of guilt on this charge was not so overwhelming as to deem the improper *Reves* instruction harmless. Thus, we vacate Norton's conviction on Count One for racketeering.

We further find that because the district court gave adequate instruction on the specific intent required, a separate instruction on good faith was not necessary. *See United States v. Mancuso*, 42 F.3d 836, 847 (4th Cir. 1994) (citing *United States v. Fowler*, 932 F.3d 306, 317 (4th Cir. 1991)). Furthermore, the district court's rejection

of Norton's proposed instruction that defined kickback was not an abuse of discretion because defining a term within the common understanding of the jury, such as kickback, was unnecessary. *See United States v. Brito*, 136 F.3d 397, 407 (5th Cir. 1998); *United States v. Lignarolo*, 770 F.3d 971, 980 (11th Cir. 1985).

We further find that the district court's refusal to present Norton's proposed "safe harbor" instruction based on 42 C.F.R. § 1001.952(d), which outlines the requirements for payments under permissible personal service and management contracts that are exempted from coverage under the anti-kickback statute, was not an abuse of discretion because the written agreement between Norton and Davis, about which Mrs. Davis testified, did not meet the seven requirements of § 1001.952(d). Because Norton failed to present sufficient evidence of this affirmative defense, the district court did not have to instruct the jury on that defense. *See Bailey v. United States*, 444 U.S. 394, 414-15 (1980); *United States v. Sarno*, 24 F.3d 618, 621 (4th Cir. 1994). Thus, we find no abuse of discretion as to these jury instructions.

Accordingly, we vacate the conviction on Count One for racketeering in violation of 18 U.S.C.A. § 1962(c) and affirm the remainder of Norton's convictions. We remand this case to the district court for entry of a new judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED AND*
*REMANDED IN PART*